UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYFORD RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ST. PHILLIPS COLLEGE, | § | SA-08-CV-0054 FB (NN) |
| ALAMO COMMUNITY COLLEGE DISTRICT, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION FOR EXTENSION OF DEADLINES**

This order addresses plaintiff Rayford Richardson's motion to extend the scheduling order deadlines.[1] In the motion, Richardson asked for additional time for discovery and dispositive motions, indicating in the motion's caption that his request is unopposed. The motion is opposed.[2]

Rule 16 of the Rules of Federal Procedure governs the extension of scheduling order deadlines. Under the rule, "[a] schedule may be modified only for good cause and with the judge's consent." Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure further requires that an extension requested after the expiration of the deadline be the result of "excusable neglect." Richardson seeks the court's consent, but he has not addressed good cause or excusable neglect.[3]

---

[1] Docket entry # 27.

[2] Docket entry # 28.

[3] In determining whether a movant has demonstrated good cause, the district court considers: (1) the explanation for failing to meet the deadline, (2) the importance of the discovery sought, (3) potential prejudice in allowing additional discovery, and (4) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. La. Land & Exp.*, 110 F.3d 253, 257 (5th Cir. 1997).

Failing to address good cause and excusable neglect is reason to deny the motion.

At this point, it would be difficult to demonstrate good cause because Richardson filed his motion after the deadline for filing dispositive motions passed.[4] Richardson stated in his motion that the defendants' attorney agreed to extending deadlines on September 4, 2008, but he did not seek an extension of deadlines until October 20, 2008. In addition to failing to explain his delay and why it may have been "excusable," Richardson did not identify the discovery he seeks, leaving the court with no basis for evaluating the importance of additional discovery. Now that a motion for summary judgment is pending, the court would expect Richardson to address how discovery might raise a question of material fact. Richardson also did not address how reopening discovery might prejudice the defendants.[5] For all these reasons, the motion (docket entry # 27) is DENIED.

**SIGNED** on October 24, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] Docket entry # 12, ¶ 7 (setting the deadline to file dispositive motions as 30 days after the discovery deadline of September 17, 2008).

[5] Reopening discovery at this point would likely prejudice the defendants as they have complied with the scheduling order, including incurring the expense of preparing their motion for summary judgment.