# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYFORD RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ST. PHILLIPS COLLEGE, | § | SA-08-CV-0054 FB (NN) |
| ALAMO COMMUNITY COLLEGE | § | |
| DISTRICT, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

This order addresses plaintiff Rayford Richardson's opposed motion for reconsideration[1] of my earlier order[2] denying Richardson's motion to extend the scheduling order deadlines. In my order, I explained that Richardson had not demonstrated good cause or excusable neglect for failing to request an extension of the scheduling order deadlines before the deadlines expired. In his motion for reconsideration, Richardson complained that the attorneys who previously represented him had not sought pre-trial disclosures from the defendants. That complaint does not demonstrate good cause or excusable neglect.

The first attorney who represented Richardson had no obligation to seek pre-trial disclosures because I appointed the attorney for the sole purpose of early mediation.[3] The second attorney who represented Richardson had little time to seek pretrial disclosures because he

---

[1] Docket entry #s 31 (motion) & 34 (response in opposition).

[2] Docket entry # 29.

[3] Docket entry # 13.

withdrew from representation after five days, citing irreconcilable differences with his client.[4] The third attorney appeared three weeks before the discovery deadline expired[5] and represented Richardson during his deposition, but did not seek an extension of the discovery deadline until after that deadline and the deadline for dispositive motions passed.[6] Richardson relies on a confluence of state court deadlines with a "plethora of federal court deadlines" to demonstrate excusable neglect, but there are no scheduling deadlines that would have prevented the third attorney from asking for an extension of time before the discovery deadline had passed.[7] Richardson chose the "attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."[8] Limiting discovery to pre-trial disclosures as Richardson suggests will not cure the resulting prejudice to the defendants. The motion for reconsideration (docket entry # 31) is DENIED.

**SIGNED** on November 17, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] Docket entry # 22.

[5] *See* docket entry # 16 (setting discovery deadline of September 17, 2008) & docket entry # 24 (notice of appearance filed on August 27, 2008).

[6] Docket entry # 27.

[7] *See* Cause No. SA-07-CV-99-FB (no scheduling order deadlines); Cause No. SA-07-CV-405 (discovery deadline scheduled for 12/17/2008); Cause No. SA-07-CV-486 (amended pleadings deadline scheduled for 11/12/08; discovery deadline scheduled for 1/30/09); Cause No. SA-08-CV-728 (no scheduling order yet); Cause No. SA-08-CV-742, Garcia v. Bexar County (no scheduling order yet; response to motion to dismiss due 11/10/08); Cause No. SA-08-CV-746 (no scheduling order yet); Cause No. SA-08-CV-752 (no scheduling order yet); Cause No. SA-08-CV-861 (no scheduling order yet); Cause No. SA-08-CV-921 (motion to proceed in forma pauperis filed 11/12/08).

[8] *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 397 (1993).