UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYFORD RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ST. PHILLIPS COLLEGE, | § | SA-08-CV-0054 FB (NN) |
| ALAMO COMMUNITY COLLEGE | § | |
| DISTRICT, | § | |
| | § | |
| Defendants. | § | |

# REPORT AND RECOMMENDATION
# ON MOTION FOR SUMMARY JUDGMENT

**TO:** Honorable Fred Biery
United States District Judge

This report and recommendation addresses defendant Alamo Community College District's (ACCD) motion for summary judgment.[1] I have jurisdiction to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering ACCD's motion and plaintiff Rayford Richardson's response,[3] I recommend granting the motion and entering summary judgment in favor of ACCD.

---

[1] Docket entry # 26.

[2] Docket entry # 6.

[3] Docket entry # 38.

## Nature of the Case

Richardson has worked as a part-time adjunct instructor at St. Phillips Community College since the Fall 2006 academic semester. St. Phillips College is a member of ACCD. Richardson is Black and teaches courses in automotive technology. Richardson filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on October 2, 2007, claiming unlawful discrimination and retaliation based on race and gender. The EEOC issued a right-to-sue letter on October 16, 2007. After I denied his motion to proceed in forma pauperis,[4] Richardson filed the complaint in this lawsuit on February 29, 2008.[5]

Because Richardson complains about more in his complaint than he complained about in his charge of discrimination, this report and recommendation focuses on the allegations in his charge of discrimination. Richardson failed to exhaust his administrative remedies in regard to the allegations he added to his complaint.[6] The exhausted allegations—the allegations properly before the district court—are: (1) Richardson was not scheduled to teach class for the Fall 2007 semester, (2) Richardson received a letter from his supervisor instructing him to communicate his availability for teaching, (3) someone forged Richardson's name on his performance evaluation, and (4) Richardson was retaliated against after complaining about not having classes. Richardson also sued ACCD for violation of the Equal Pay Act. Although Richardson did not include an Equal-Pay-Act claim in his charge of discrimination, that claim is not subject to the

---

[4]Docket entry #s 1 & 4.

[5]Docket entry # 7.

[6]The unexhausted allegations are: that ACCD (1) created a hostile work environment by publicly posting the charge of discrimination, (2) subjected Richardson to racial slurs, (4) harassed Richardson, and (5) discriminated against Richardson on the basis of gender.

exhaustion-of-administrative-remedies requirement.

ACCD has moved for summary judgment on all claims. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[7]

## Richardson's Claim under the Equal Pay Act

Richardson provided no details for his claim under the Equal Pay Act. He only checked the box on his pro se complaint reading "The Equal Pay Act."[8] ACCD asks the court to dismiss Richardson's claim under the Equal Pay Act because Richardson has not made a prima facie case under the statute.[9] "To establish a prima facie case under the Equal Pay Act, [Richardson] must show: (1) [his] employer is subject to the Act; (2) [he] performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) [he] was paid less than the employee of the opposite sex providing the basis of comparison."[10] An Equal-Pay-Act claim that does not allege the elements of a prima facie case fails to state a claim upon which relief can be granted. Richardson has not alleged that ACCD is subject to the Act; Richardson performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; or Richardson was paid less than the employee of the opposite sex. Consequently, the claim is appropriately dismissed under Rule 12(b)(6) of the Federal Rules of

---

[7]Fed. R. Civ. P. 56(c).

[8]Docket entry # 7.

[9]Docket entry # 26, pp. 12-13.

[10]*Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993).

Civil Procedure for failure to state a claim upon which relief can be granted. Richardson effectively abandoned his claim under the Equal Pay Act by failing to address ACCD's argument in his response.

**Richardson's Race Discrimination Claim under Title VII**

Richardson alleges that ACCD discriminated against him on the basis of race by failing to schedule him to teach courses for the Fall 2007 semester and by forging his name on his performance evaluation. ACCD asks for summary judgment on Richardson's race-discrimination claim because Richardson cannot establish a prima facie case of race discrimination, in part, because he cannot show an adverse employment action.[11]

Where, as here, there is no evidence of direct discrimination, a plaintiff must first present a prima facie case of discrimination.[12] To do so, the plaintiff must produce evidence that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) others similarly situated were treated more favorably.[13]

The gist of Richardson's discrimination claim is that he was not scheduled to teach classes for the Fall 2007 semester until he complained about the lack of classes. Richardson alleges that after he complained, he was scheduled to teach classes at an affiliated campus—the New Braunfels campus—rather than at the main campus as he preferred. Richardson maintains that non-Black adjunct instructors were permitted to teach at the main campus.[14]

---

[11] Docket entry # 26, p. 13.

[12] *See Turner v. Baylor Richardson Med. Ctr*, 476 F.3d 337, 345 (5th Cir. 2007).

[13] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

[14] Docket entry # 39, Richardson's affidavit, ¶¶ 14 & 17.

"Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions."[15] "Ultimate employment decisions include hiring, discharging, promoting, compensating, or granting leave, but not 'events such as disciplinary filings, supervisor's reprimands, and even poor performance by the employee—anything which might jeopardize employment in the future.'"[16] Because "employment actions are not adverse where pay, benefits, and level of responsibility remain the same,"[17] being assigned to teach at an affiliated campus does not constitute an adverse employment action where the employee's pay, benefits, and level of responsibility remain the same.[18]

In responding to ACCD's motion, Richardson complains that he earned more for the Spring 2007 semester than he did for the Fall 2007 semester, but that is not what he complained about in his charge of discrimination. In his charge, he complained that he taught 8 semester hours at the New Braunfels campus in the Fall 2007 semester rather than 9 hours in the Spring 2007 semester at the main campus—not that his assignment caused him to earn less. Upon signing his contracts for the Spring 2007 and Fall 2007 semesters, Richardson acknowledged that he had no right or expectation of renewal of either contract, and that he had no right to continued employment. Each contract was clear that Richardson's appointment was "subject to class and

---

[15]*Dollis v. Rubin*, 77 F.3d 777, 781-2 (5th Cir. 1995).

[16]*Messer v. Meno*, 130 F.3d 130, 140 (5th Cir. 1997).

[17]*Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999).

[18]*See Watts*, 170 F.3d at 512 (explaining that the change in the plaintiff's schedule did not constitute an adverse employment action).

campus assignment and reassignment at the discretion of [ACCD]."[19]

In his charge, Richardson complained that he wasn't scheduled to teach classes until he complained about having no classes, followed by a conclusory allegation that he had been discriminated against because of his race. Richardson clarified that allegation during his deposition—he testified that he felt he was being segregated by being sent to the New Braunfels campus.[20] Oddly enough, Richardson asked to teach at the New Braunfels campus and planned to return to the New Braunfels campus after teaching there the Spring 2007 semester.[21] Considering the fact that Richardson was scheduled to teach at an affiliated campus prior to the Fall 2007 semester—without complaint[22]—being scheduled to teach at an affiliated campus does not rise to the level of an adverse employment action. In the absence of an adverse employment action, ACCD is entitled to summary judgment because Richardson cannot make a prima facie case of race discrimination. Richardson's other allegation—that his supervisor forged his name on his performance evaluation—provides no basis for a Title VII claim because Richardson does not complain that the alleged forgery occurred because he is Black. Richardson abandoned that allegation by failing to address it in his response.

## Richardson's Retaliation Claim

Richardson alleges that he was retaliated against for filing an internal grievance because he wasn't scheduled to teach classes. As retaliation, Richardson complains about receiving a

---

[19] Docket entry # 26, exh. C & F.

[20] Docket entry # 26, exh. B, p. 108.

[21] Docket entry # 26, exh. B, p. 100.

[22] Docket entry #s 39, Richardson's affidavit, ¶¶ 6 & 7; # 26, exh. B, pp. 109 & 119.

letter from his supervisor instructing him to communicate his availability and receiving reimbursement for mileage after he was told he would not receive mileage for teaching at the New Braunfels campus.[23] ACCD contends it is entitled to summary judgment on the retaliation claim because Richardson cannot make out a prima facie case for retaliation.[24]

Two clauses of Title VII make it unlawful for an employer to retaliate against an employee. The first clause makes it unlawful "to discriminate against an[] . . . employee[] . . . because he has opposed any practice made an unlawful employment practice by [Title VII]. . . ."[25] The second clause makes it unlawful for an employer to retaliate against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."[26] The second retaliation clause does not apply to Richardson's claim because Richardson had not made a prior EEOC charge, and he had not testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. As for the first retaliation clause, Richardson has not shown that he complained about proscribed conduct. In his charge of discrimination, Richardson alleged that he was retaliated against after he complained about not being scheduled for classes. Not scheduling an adjunct instructor for classes is not proscribed conduct unless the scheduling is motivated by unlawful purpose. Had Richardson complained that he was not scheduled for classes for the Fall semester because he is Black, he may have had a basis for a retaliation claim because hiring adjunct instructors to teach

---

[23]This complaint is nonsensical because Richardson sought reimbursement for mileage.

[24]Docket entry # 26, p. 15.

[25]42 U.S.C. § 2000e-3(a).

[26]*Id.*

7

on the basis of race is proscribed conduct. But that doesn't appear to have been the reason for complaining. Instead, the record indicates that Richardson did not believe his supervisor's explanation for why he wasn't scheduled for classes—that the supervisor had been unable to reach Richardson to confirm his availability.

Even if Richardson had complained to ACCD that he was not scheduled for classes for the Fall semester because he is Black, there is no evidence in the record suggesting that proscribed conduct was the reason for Richardson's complaint. Although he alleged in his charge that he was not scheduled for classes until he complained about the lack of classes, Richardson testified in his deposition that he complained to the school dean because he was not being reimbursed for his mileage.[27] Richardson did not testify that he complained that he was not receiving mileage because he is Black. He complained that he had received mileage the prior semester and had not yet received milage for the Fall 2007 semester. In the absence of an allegation that he was denied mileage because he is Black, Richardson's complaint to the dean does not provide the basis for a retaliation claim because it was not based on proscribed conduct.

Even if he had a basis for a retaliation claim, Richardson did not experience an injury or harm for the anti-retaliation provision of Title VII. "The anti-retaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm. . . . [A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have 'dissuaded a

---

[27]Docket entry # 26, exh. B, pp. 106-07.

reasonable worker from making or supporting a charge of discrimination.'"[28] A reasonable employee would not have considered a letter instructing him to advise his supervisor about his availability to teach as materially adverse. Likewise, a reasonable employee would not have considered being told that his employer would reimburse him for mileage for teaching at an affiliated campus as materially adverse.

Richardson's theory of his case has changed with the passage of time. He complains about a multitude of events in response to the motion for summary judgment and in his deposition, but most of the events are not in his charge of discrimination. Much of what he complains about occurred after he filed his charge, complaining about retaliation related to mileage. Although Richardson filed two subsequent charges, those charges do not serve as the basis for this lawsuit. The EEOC issued a right-to-sue letter for this lawsuit based the first charge—the one filed on October 2, 2007. In that charge, Richardson did not complain about anything that can reasonably be construed as materially adverse, or as proscribed conduct or protected activity. ACCD is entitled to summary judgment on Richardson's retaliation claim.

## Recommendations

Because Richardson failed to state a claim upon which relief can be granted under the Equal Pay Act, I recommend dismissing Richardson's claim under that statute. Because Richardson did not exhaust his administrative remedies as to his gender discrimination claim and his hostile work environment/harassment claims, I recommend dismissing those claims. Because Richardson cannot make a prima facie case of race discrimination, I recommend entering

---

[28]*Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) (citations omitted).

summary judgment on that claim in favor of ACCD.  Because Richardson cannot make a prima facie case of retaliation, I recommend entering summary judgment on that claim in favor of ACCD.  If the district judge accepts these recommendations, it can GRANT ACCD's motion for summary judgment (docket entry # 26) and enter a final judgment in favor of ACCD.  If the district judge does not accept these recommendations, I will address ACCD's other grounds for summary judgment in a separate report and recommendation.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[29]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[30]  Additionally, failure to file timely written objections

---

[29] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[30] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[31]

**SIGNED** on December 19, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[31]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).